UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID ALEXANDER HOWLETT,

                Plaintiff,

  v.

WILLIAM T. FERRELL,

                Defendant.

No. C12-5713 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. The Court will not direct service of Plaintiff's complaint at this time because it is deficient. However, Plaintiff will be given an opportunity to file an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

ORDER TO AMEND OR SHOW CAUSE- 1

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

ORDER TO AMEND OR SHOW CAUSE- 2

commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is a pre-trial detainee in the Pierce County Jail. ECF No. 5. He is attempting to sue his assigned counsel, who is representing him in two on-going state criminal matters (Case Nos. 11-1-03115-4 and 11-1-03361-1). Plaintiff claims that he was forced to proceed pro se in these cases because his assigned counsel has refused to file certain pre-trial motions and to investigate his case as he has requested. ECF No. 5, at 3. Plaintiff is advised as follows:

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

"It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). "Under color of state law" means under pretense of state law. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty. *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)). "[A]ctions taken under color of state law must be related to the

ORDER TO AMEND OR SHOW CAUSE- 3

state authority conferred on the actor, even though the actions are not actually permitted by the authority." *Dang Vang*, 944 F.2d at 480 (citations omitted).  Therefore, Plaintiff cannot pursue a Section 1983 claim in this court against a private attorney who is not a state employee and was not acting under color of state law.

It is also well established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 317, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir.1985).  Therefore, Plaintiff cannot pursue a Section 1983 claim in this Court against his public defender.

Moreover, Plaintiff is attempting to challenge the propriety of ongoing proceedings in Pierce County Superior Court and asks that this Court appoint him counsel in state court proceedings.  Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus before the jury comes in, judgment has been

ORDER TO AMEND OR SHOW CAUSE- 4

appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.  There are no extraordinary circumstances here warranting intervention by this Court in any ongoing state proceeding.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **September 28, 2012.**  If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.  The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the

ORDER TO AMEND OR SHOW CAUSE- 5

original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **September 28, 2012**, the Court will recommend dismissal of this

ORDER TO AMEND OR SHOW CAUSE- 6

1 action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  29th   day of August, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7